IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:18-cr-30–HEH |
| | ) |
| KALIL K. CASEY, | ) |
| | ) |
| Petitioner. | ) |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Kalil K. Casey ("Casey"), a federal inmate proceeding by and through counsel, filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 39.) Casey contends that he is entitled to relief upon the following grounds:[1]

Claim One: Following the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Casey's conviction and sentence for being a felon in possession of a firearm should be vacated because "[i]n pleading guilty, [Casey] was not advised that an element the [G]overnment would be required to prove beyond a reasonable doubt if he proceeded to trial was that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." (*Id.* at 1.)

The Government has filed a response in which it argues that Claim One is procedurally defaulted. (ECF No. 44.) Casey has filed a reply. (ECF No. 46.) As

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling, and omits any emphasis or symbols in quotations from the parties' submissions and the record.

explained below, Claim One is procedurally defaulted. Accordingly, Claim One will be dismissed and the § 2255 Motion (ECF No. 39) will be denied.

## I. PROCEDURAL HISTORY

On March 6, 2018, a grand jury indicted Casey for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count One"). (ECF No. 1.)

On April 10, 2018, Casey filed a Motion to Suppress (ECF No. 11), arguing that the firearm in question was unlawfully seized pursuant to a warrantless search of a vehicle that Casey had been driving. (*Id.* at 1–5.) On April 25, 2018, after hearing testimony from witnesses, reviewing body-worn camera footage, and hearing arguments from the parties, the Court denied the Motion to Suppress. (ECF No. 14, at 1–2.)

On that same day, April 25, 2018, following the denial of the Motion to Suppress, Casey entered a guilty plea to Count One. (*Id.*) While Casey and the Government did not enter into a written plea agreement (*see id.* at 1), they did execute a written Statement of Facts (ECF No. 15). In that document, Casey stipulated that had the matter gone to trial, the Government would have proven the following facts, which he admitted were "true and correct," beyond a reasonable doubt:

> On or about December 20, 2016, in the Eastern District of Virginia, and within the jurisdiction of this Court, KALIL K. CASEY, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a Star pistol, Model Firestar, 9mm caliber, Serial Number 2012371, in and affecting interstate and foreign commerce.
> On December 20, 2016, officers with the Richmond Police Department were on patrol and actively looking for CASEY. Officers knew that CASEY had an outstanding arrest warrant.

2

> Officers observed CASEY driving a grey Infiniti sedan in the City of Richmond. The officers observed CASEY park the car and enter a convenience store. CASEY was the sole occupant of the vehicle.
> Officers followed CASEY into the convenience store and placed him under arrest on the outstanding arrest warrant.
> While officers were still on scene, an officer looked into the front, driver's side window of the grey Infiniti sedan and observed a black and silver handgun in plain view, located on the driver's side floorboard of the vehicle.
> Officers confirmed that CASEY had been convicted of a felony crime, punishable by more than one-year imprisonment, prior to December 20, 2016. After they received this confirmation, officers searched the vehicle and retrieved the firearm from the driver's side floorboard of the vehicle.
> The firearm, a Star pistol, Model Firestar, 9mm caliber, Serial Number 2012371, was manufactured outside of Virginia, and therefore, traveled in interstate commerce prior to December 20, 2016.

(*Id.* at 1–3 (paragraph numbers omitted).) The Court accepted Casey's guilty plea to Count One and set the matter for sentencing. (ECF No. 14, at 1.)

The probation officer generated a Presentence Investigation Report ("PSR"). (ECF No. 19.) Casey received a three-point reduction to his offense level for acceptance of responsibility. (*See id.* ¶¶ 13, 22, 23.) Consequently, Casey received a Total Offense Level of 21, a Criminal History Category of VI, and an advisory guidelines range of 77 months to 96 months of incarceration. (*Id.* ¶¶ 24, 104–05.)

On July 20, 2018, Casey appeared before the Court for sentencing. (ECF No. 23, at 1.) Neither party objected to the PSR. (*Id.*) After hearing arguments from the parties, and a statement from Casey (*see id.*), the Court sentenced Casey to 82 months of incarceration. (*Id.* at 2; ECF No. 24, at 2.).

Casey appealed to the United States Court of Appeals for the Fourth Circuit, arguing that his 82–month sentence was "procedurally unreasonable." *See United States*

3

*v. Casey*, 763 F. App'x 306, 306–07 (4th Cir. 2019). "Finding no error," the Fourth Circuit affirmed Casey's sentence. *Id.* The current § 2255 Motion followed.

## II. ANALYSIS

In Claim One, Casey asserts that following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his conviction and sentence for being a felon in possession of a firearm should be vacated because "[i]n pleading guilty, [Casey] was not advised that an element the [G]overnment would be required to prove beyond a reasonable doubt if he proceeded to trial was that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." (ECF No. 39, at 1.) Casey has failed to demonstrate that he is entitled to relief under *Rehaif*.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), states that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful.[2] 139 S. Ct. at 2197. Thus, *Rehaif* held that "in

---

[2] The defendant in *Rehaif* was convicted of being an alien unlawfully in the United States in possession of a firearm. 139 S. Ct. at 2194. At trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The district court overruled the objection and Rehaif was convicted. *Id.* The Court of Appeals affirmed the conviction. *Id.* at 2195. The Supreme Court reversed, holding that the evidence "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

4

a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[3]

As an initial matter, Casey contends that the Court committed a "structural" error by accepting his guilty plea where Casey had not been adequately advised that, had the matter gone to trial, an element of Count One that the Government would have been required to prove was that Casey knew that he was a felon prior to the date in question. (ECF No. 39, at 1, 7.) This is simply incorrect. *See Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021) (rejecting argument that *Rehaif* errors are "'structural' and require automatic vacatur in *every* case").[4]

In *Greer*, the Supreme Court considered whether "discrete defects in the criminal process–such as the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy" constituted structural error under *Rehaif. Id.* at 2099–2100. In concluding that they do not, the Supreme Court held that "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does

---

[3] In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. *Rehaif* set forth four elements that make possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Casey was aware that he had been convicted of a felony at the time he possessed the firearm.

[4] Structural errors are errors that affect the "entire conduct of the [proceeding] from beginning to end." *Greer*, 141 S. Ct. at 2100. They are very rare, having only been found in a "very limited class of cases." *Id.* at 2099.

5

not automatically require reversal of a conviction.'" *Id.* at 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)); *see also United States v. Medley*, No. 18–4789, 2021 WL 8362326, at *1 (4th Cir. Oct. 6, 2021) (en banc) (reversing panel opinion "that *Rehaif* errors affecting appellant's indictment . . . violated his substantive rights" and concluding, based upon *Greer*, that "appellant is not entitled to plain-error relief for his unpreserved *Rehaif* claim"), *rev'g*, 972 F.3d 399 (4th Cir. 2020). Thus, it is clear that any *Rehaif* error related to the Indictment or the plea colloquy is not "structural," and does not compel the automatic vacatur of Casey's conviction or sentence.[5]

Rather, because Casey could have but failed to raise his *Rehaif* claim on direct review, absent a showing of cause and prejudice or actual innocence, Claim One is barred from review here. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). In this instance, the Court need not determine whether Casey has shown cause for his default, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Casey must show "a reasonable probability that, but for [the alleged *Rehaif*] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Greer*, 141 S. Ct. at 2098. Casey does not argue that, but for the alleged *Rehaif* errors, he would have pled

---

[5] Casey's arguments concerning *Rehaif* and structural errors are based largely on the opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). (*See* ECF No. 39, at 1–5.) However, in *Greer*, the Supreme Court explicitly rejected Gary's argument that *Rehaif* errors were structural in nature and reversed the judgment of the Fourth Circuit, upon which Casey so heavily relies. 141 S. Ct. at 2099–2101.

6

not guilty and insisted on proceeding to trial. Rather, he merely questions the sufficiency of his plea colloquy. For this reason alone, Casey has failed to meet his burden of establishing actual prejudice. *See Greer*, 141 S. Ct. at 2097–98, 2100.

To be clear, nowhere in his submissions does Casey allege that he was unaware of the fact that he was a felon. *Cf. id.* at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). To the contrary, ample evidence shows that Casey knew of his felon status on the date in question.[6]

Prior to the present offense, Casey had been convicted on more than one occasion of more than one felony punishable by a sentence in excess of one year of incarceration. (*See* ECF No. 19 ¶¶ 35–36.) In 2014, Casey was convicted of possession of heroin with the intent to distribute in the Circuit Court for the City of Richmond and was sentenced to 5 years, with 4 years and 5 months suspended for a period of 10 years. (*Id.* ¶ 35.) In 2015, Casey was convicted of possession of a Schedule I or II controlled substance with the intent to distribute in the Circuit Court for Chesterfield County and sentenced to 10 years of incarceration with 9 years and 3 months suspended for a period of 10 years. (*Id.*

---

[6] As the Court inferred in *Rehaif*, the Government's duty to prove a defendant's knowledge of his status is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)). Indeed, "[d]emonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew." *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2807 (2021). Here, the Government could easily prove that Casey knew he was a felon.

7

¶ 36.) Indeed, Casey was still on felony probation with the state courts on the date in question. (*Id.* ¶¶ 35, 36.)

Further, on November 17, 2016, a mere month before the events giving rise to Count One occurred, Casey signed two nearly identical documents for state probation officials entitled "Conditions of Probation Supervision." (*See* ECF No. 45–2 at 1–4.)[7] The first document was specific to his felony narcotics conviction in the Circuit Court for the City of Richmond (*see id.* at 1–2), and the second document was specific to his felony narcotics conviction in the Circuit Court for Chesterfield County (*see id.* at 3–4). In each instance, Casey acknowledged in a signed writing that he could not "use, own, possess, transport or carry a firearm." (*See id.* at 1–4.)[8]

Based on the forgoing facts, Casey clearly knew he was a felon at the time that the events giving rise to Count One occurred. *Cf. United States v. Caldwell*, 7 F.4th 191, 213–14 (4th Cir. 2021) (affirming § 922(g) conviction post-*Rehaif* where defendant "had

---

[7] The Government has filed a Motion to Expand the Record (ECF No. 45), in which it seeks to make part of the record a "Trial and Sentencing Order" related to Casey's 2014 conviction in the Circuit Court for the City of Richmond (*see* ECF No. 45–1), and two documents entitled "Conditions of Probation Supervision" (*see* ECF No. 45–2). "The district court may expand the record to include letters, documents, and affidavits." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States*, 423 F.2d 529, 529–30 (4th Cir. 1970)). The Court has "wide discretion" in this regard. *Id.* (citation omitted). For good cause shown, the Motion to Expand the Record (ECF No. 45) will be granted, and the exhibits attached thereto (ECF Nos. 45–1, 45–2) will be made part of the record.

[8] While documents like this are by no means necessary to sustain a conviction under 18 U.S.C. § 922(g)(1), *see United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) (finding that *Rehaif* does not require the Government to "also prove the defendant knew his or her status prohibited firearm ownership or possession"), they highlight the strength of the Government's case, underscore Casey's flagrant disregard for the law, and illustrate the certainty of his conviction.

8

been convicted of multiple felonies," and "never disputed the validity of th[o]se felony convictions, and . . . stipulated at trial to having had such a conviction . . . ." (citing *Greer*, 141 S. Ct. at 2097–98)). Furthermore, Casey clearly knew that he was prohibited from possessing a firearm on the date in question. (*See* ECF No. 45-2, at 1–4.) Thus, if Casey had opted for trial, his conviction on Count One was all but guaranteed.

Moreover, the record lacks any evidence suggesting that Casey would not have pled guilty if he had been advised that the Government was required to prove that he knew he was a felon on the date in question. To the contrary, Casey received several significant benefits that he would not have otherwise received if he opted for trial.[9]

Simply put, had Casey proceeded to trial, he would have lost the benefits he obtained by pleading guilty, he would have faced a higher guidelines range, and he would have received a harsher sentence. Thus, no reasonable defendant in Casey's position would have insisted on proceeding to trial.[10]

---

[9] Among other things, Casey received a three-point reduction to his offense level for acceptance of responsibility that he would not have received if he proceeded to trial. (ECF No. 19 ¶¶ 13, 22, 23.) Further, the Court sentenced Casey near the low-end of his guidelines, despite his recent conviction in state court for possession of a firearm by a felon (*see id.* ¶ 46), and despite the Government's recommendation that he receive a lengthier sentence (*see* ECF No. 21, at 1, 5).

[10] The fact that Casey did not receive the below-guidelines sentence that he requested (*see* ECF No. 22, at 1–11) is irrelevant to the analysis. Casey had no way of knowing what sentence the Court might impose at the time he made his decision to plead guilty, as the Court did not fashion its sentence until after hearing from the parties and considering all available evidence. Indeed, the PSR had not been completed at the time that Casey pled guilty, thus, he could not even be sure what his guidelines range would be. What is clear, however, is the fact that the evidence against Casey was overwhelming, and his criminal history was substantial. Here, Casey had only two plausible options. First, he could attempt to exclude the evidence of his guilt, which he did to no avail. Second, he could, plead guilty and throw himself on the mercy of the Court. The fact that Casey was undeserving of the below-guideline sentence that he requested does not change the fact that, strategically speaking, pleading guilty was his best and only option.

Therefore, Casey cannot show any actual prejudice. This same information also dispels any suggestion that Casey's actual innocence could excuse his default.[11] To the contrary, Casey's guilt is quite clear from the record. Accordingly, Claim One is procedurally defaulted and will be dismissed.

### III. CONCLUSION

The Motion to Expand the Record (ECF No. 45) will be granted. The exhibits attached thereto (ECF Nos. 45-1, 45-2) will be made part of the record. The § 2255 Motion (ECF No. 39) will be denied. Claim One and the action will be dismissed. A certificate of appealability will be denied.[12]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: January 10, 2023
Richmond, Virginia

---

[11] Actual innocence means "factual innocence, not mere legal insufficiency of [a] conviction." *Bousley*, 523 U.S. at 623–24 (citation omitted); *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must establish "actual factual innocence"). Casey only challenges the legal sufficiency of Count One. He has failed to allege, much less demonstrate, his "actual factual innocence." *Mikalajunas*, 186 F.3d at 494.

[12] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Casey has not met this standard.